J-A27024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| A.D.G., | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| M.M.S., | : | |
| | : | |
| Appellee | : | No. 1654 EDA 2019 |

Appeal from the Order Entered May 28, 2019
in the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s): D.R. No. OC 1701688

BEFORE:   BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:           **FILED DECEMBER 12, 2019**

A.D.G. (Father) appeals *pro se* from the order entered May 28, 2019, which denied Father's petition for modification of custody.  We affirm.

Father and M.M.S. (Mother) are the parents of a daughter, J.G.S. (Child), who was born in November 2016.  On February 14, 2018, Mother and Father entered into a custody agreement (the Agreement) with respect to Child.  The Agreement provided that the parents share legal custody of Child, Mother has primary physical custody of Child, and Father has partial physical custody of Child.  The Agreement also permitted Father to enroll Child in daycare on his custodial days.

_____

* Retired Senior Judge assigned to the Superior Court.

On June 6, 2018, Father obtained a temporary protection from abuse (PFA)[1] order against Mother's mother (Grandmother), with whom Mother and Child reside.[2] N.T., 6/14/2018, at 3. A final PFA hearing was held on June 14, 2018, at which both Father and Grandmother represented themselves. Father testified that on Sunday, June 3, 2018, when Mother was picking up Child from his house, Grandmother, who was in the car, screamed, "Yeah, I'm smoking in the car. You got something to say?" *Id*. at 14. Father also testified that in October 2017, Grandmother pushed him while he was holding Child. *Id*. at 19. Father further testified that one week after Grandmother pushed him, she kicked his foot off the ottoman in her home. *Id*. at 21. Grandmother disputed these facts. Nevertheless, based on the foregoing, the trial court granted Father's PFA petition and entered an order of protection in favor of Father and against Grandmother for three years.

On August 27, 2018, Father filed a petition to modify custody citing his PFA order against Grandmother. Father requested modification because Grandmother "smokes around Child and in [her home] and [in her] vehicle when occupied by Child." Petition, 8/27/2018, at ¶ 7(a). In particular, Father sought primary physical custody of Child on Mondays through Fridays "when Child is otherwise left with Father's abuser." *Id*. at ¶ 7(b).

---

[1] *See* 23 Pa.C.S. §§ 6101-6122.

[2] The transcript of this hearing is not included in the certified record.

The trial court held an expedited hearing on a portion of Father's petition and entered an order on September 28, 2018. That order provided that parents "shall ensure that no one shall smoke in the presence of [Child] … and that Child shall not be exposed to second or third hand smoke." Order, 9/28/2018. Otherwise, the Agreement remained in place pending the next hearing.

The trial court held a hearing on a second portion of Father's petition, and on January 24, 2019, the trial court ordered that Child shall be enrolled in Busy Bees Day Care.[3] Another final hearing occurred on May 28, 2019.[4] At that hearing, Father requested primary custody of Child from Monday to Friday because Mother permits Grandmother to watch Child while Mother works. It was Father's position that Grandmother should not be permitted to have a role in Child's life due to Grandmother's abuse of Father. N.T., 5/28/2019, at 13. Mother testified, *inter alia*, that Grandmother has never smoked around Child. *Id*. at 22. At the close of the hearing, the trial court analyzed the relevant custody factors[5] and denied Father's petition to modify custody.

---

[3] The transcript of this hearing is not included in the certified record.

[4] At this hearing, Father was *pro se*, while Mother was represented by counsel.

[5] *See* 23 Pa.C.S. § 5328(a) (setting forth a list of factors a trial court must consider prior to awarding any form of custody).

Father filed a timely notice of appeal along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i).[6] The trial court filed an opinion on July 2, 2019.

On appeal, Father contends that the trial court erred by "refusing to look at" Father's evidence, particularly the transcript of the PFA hearing and the transcripts of the other hearings.[7] Father's Brief at 5.

We begin with our scope and standard of review:

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

---

[6] Father's notice of appeal is not included in the certified record. However, the docket entry states that the notice of appeal was filed on June 5, 2019. In addition, Father's concise statement is not included in the certified record. However, the trial court set forth the contents of that statement verbatim in its opinion. Trial Court Opinion, 7/2/2019, at 3-4.

[7] Father also argues that the trial court erred by failing to accord appropriate weight to one of the custody factors. Father's Brief at 5 (suggesting that the trial court ignored present and past abuse committed by a member of a party's household). This issue was not presented in Father's Pa.R.A.P. 1925(a)(2)(i) statement. Thus, it is waived. *See* Pa.R.A.P. 1925(b)(4)(vii). Moreover, even if the issue were not waived, it would not entitle Father to relief. The trial court specifically considered this factor in reaching its conclusion. *See* N.T., 5/28/2019, at 32 (addressing this factor and pointing out that the PFA order was between Father and Grandmother, and did not involve either Child or Mother).

> With any child custody case, the paramount concern is the best interests of the child. This standard requires a case-by-case assessment of all the factors that may legitimately affect the physical, intellectual, moral and spiritual well-being of the child.

***M.J.M. v. M.L.G.***, 63 A.3d 331, 334 (Pa. Super. 2013) (quoting ***J.R.M. v. J.E.A.***, 33 A.3d 647, 650 (Pa. Super. 2011) (citation omitted)).

Instantly, Father's position on appeal is difficult to discern due to the rambling and inartful nature of his brief. He sets forth a litany of complaints about Mother, Grandmother, and the various trial judges who have been involved in this matter. In addition, Father cites to notes of testimony from hearings not included in the certified record. ***See*** Father's Brief at 17 (citing the June 6, 2018 PFA hearing), ***id***. at 18 (citing a December 17, 2018 hearing and an April 29, 2019 hearing). Father also claims that the trial judge was biased against him, treated him unfairly, and that the transcript of the May 28, 2019 hearing does not accurately reflect the words Father used.[8] Father neither presents a cogent argument regarding the claim that was actually litigated at the May 28, 2019 hearing, nor any argument as to why he, not Mother, should have primary physical custody of Child. Other than claiming over and over again that the trial court should not have permitted Child to continue residing with Father's abuser, Father sets forth no argument about

---

[8] To the extent Father believed the transcript was not accurate, he was required to use the procedure set forth in Pa.R.A.P. 1922(c) to correct the transcript.

- 5 -

how it is in Child's best interest for Father to have primary physical custody of Child.

Moreover, a review of the trial court's opinion reveals that the trial court carefully considered the evidence presented at trial and concluded that it was in Child's best interests for Mother to maintain primary physical custody. According to the trial court,

> Father provided only his personal opinion but no evidence that [C]hild's best interest was negatively affected from being cared for by [Grandmother] on Fridays during Mother's custodial time. After reviewing the relevant factors found at 23 Pa.C.S. [§] 5328, [the trial court] found that it was in the best interest of [Child] not to amend the [Agreement], and that order and the orders of September 28, 2018, and January 24, 2019, were to remain pending further order of court.
>
> ***
>
> Throughout the May 28, 2019, custody hearing, Father repeatedly stated the reason he thought it was in the best interest of [Child] for Father to have primary custody was because [Child] was frequently left with [Father's] abuser, [Grandmother], yet provided no substantive evidence. He claimed that [] Grandmother called [Father] a "pervert for fathering this child" and continued, "That woman should have no role in [Child's] life. [Grandmother] is a smoker who doesn't care what anybody thinks about her smoking and she smokes around [Child]…I have no problem with [Mother], I want [Child] to have a Mother. I have a problem with Grandmother and I have a problem with [Mother] leaving [Child] with [Grandmother]…." [N.T, 5/28/2019, at 13-14].
>
> Father offered into evidence the entire transcript from the June 14, 2018, [PFA] hearing. [Based upon Father's representations, the trial] court infers that Father based his petition to modify on his not wanting [] Grandmother around [Child]. Father provided no evidentiary basis for modifying the [Agreement]. Father did not call any other witnesses, including [Grandmother], but bases his theory of his case on the animosity

that he feels against [Grandmother]. He avers that [Grandmother] called [Father] a "pervert" for "fathering this child," but notes of testimony itself [do] not substantiate Father's averment.

\*\*\*

[The trial court] carefully weighed and considered all of the evidence and testimony of both parties in reaching the conclusion that it was in the best interest of [Child] to deny Father's petition to modify custody and the current order by Agreement between the parties was in the best interest of [Child.]

Trial Court Opinion, 7/2/2019, at 10-15 (some capitalization altered).

We discern no abuse of discretion in the trial court's conclusions. Father simply presented no evidence to support his position that he should be granted primary physical custody of Child because of his PFA order against Grandmother. Accordingly, Father is not entitled to relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/19